No. 07-400C
(Judge Wolski)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YVONNE BROWN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S MOTION TO STRIKE
PETITION FOR ENTRY IN THE COURT'S DOCKET

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
STEVEN C. BRAMMER
Office of the General Counsel
Civil Rights Litigation Division
United States Department of Agriculture
1400 Independence Avenue, S.W.
South Building, Room 3312-S
Washington, DC 20250
Tel: (202) 720-4375
Fax: (202) 720-4089

August 20, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

QUESTIONS PRESENTED . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . 2

A. Ms. Brown's Prior Litigation Alleging Race Discrimination By USDA . . . . . . . . . . 2

B. Dismissal Of Ms. Brown's Suit Against The USDA In 2005 . . . . . . . . . . 3

C. Ms. Brown Takes No Action In Response To The Dismissal . . . . . . . . . . 4

D. Ms. Brown Further Delays Resort To The Court Of Federal Claims . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . 5

I. Applicable Legal Standard . . . . . . . . . . 5

II. This Court Lacks Jurisdiction Over The Petition . . . . . . . . . . 8

A. The Petition Is Not A Proper Complaint . . . . . . . . . . 8

B. The Court Lacks Jurisdiction Over Ms. Brown's Belated Attempt To Transfer Her Action From The District Court . . . . . . . . . . 8

C. Even If Treated As A Complaint, The Petition Fails Because It Does Not Point To Any Jurisdictional Or Money-Mandating Provision Entitling Ms. Brown To Relief . . . . . . . . . . 9

D. Even if This Court Treats Ms. Brown's Petition As A Complaint, The Court Must Dismiss The Petition Because The Statute Of Limitations Has Run . . . . . . . . . . 11

III. Even If Treated As A Complaint, Ms. Brown's Petition Must Be Dismissed Because It Fails To State A Claim For Relief . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . 12

APPENDIX

## TABLE OF AUTHORITIES

## CASES

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955 (May 21, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Brown Park Estates-Fairfield Dev. Co. v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Brown v. United States,
271 F. Supp. 2d 225 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11

Brown v. United States,
389 F.3d 1296 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Cherokee Nation of Oklahoma v. United States,
24 Cl. Ct. 695 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Choctaw Nation of Oklahoma v. United States,
25 Cl. Ct. 363 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Eastport S.S. Corp. v. United States,
372 F.2d 1002 (Ct. Cl. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fisher v. United States,
402 F.3d 1167 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

G & H Technology, Inc. v. United States,
8 Cl. Ct. 572 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Griswold v. United States,
61 Fed. Cl. 458 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Hansson v. Norton,
411 F.3d 231 (D.C. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Henke v. United States,

60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . 6

Hoch v. United States,
31 Fed. Cl. 111 (1994) . . . . . . . . . . 10

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . 6

Indium Corp. Of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . 6

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . 6

MacLean v. United States,
454 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . 7

Massie v. United States,
166 F.3d 1184 (Fed. Cir. 1999) . . . . . . . . . . 12

McNutt v. General Motors Acceptance Corp. of Indiana,
298 U.S. 178 (1936) . . . . . . . . . . 5

Pennington Seed, Inc. v. Produce Exchange No. 299,
457 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . 7

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746, 748 (Fed. Cir. 1988) . . . . . . . . . . 5

Rodriguez v. United States,
862 F.2d 1558 (Fed. Cir. 1988) . . . . . . . . . . 10

Sanders v. United States,
34 Fed. Cl. 75 (1995) . . . . . . . . . . 7

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . 6

Schnelle v. United States,
69 Fed. Cl. 463 (2006) . . . . . . . . . . 10

Sebastian v. United States,
185 F.3d 1368 (Fed. Cir. 1999) . . . . . . . . . . 6

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . 7

Taylor v. United States,

73 Fed. Cl. 532 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11, 12

Thomas v. United States,
34 Fed. Cl. 619 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Testan,
424 U.S. 392 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

View Engineering, Inc. v. Robotic Vision Systems, Inc.,
115 F.3d 962 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Westover v. United States,
71 Fed. Cl. 635 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**STATUTES AND REGULATIONS**

28 U.S.C. § 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-400C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION TO STRIKE
PETITION FOR ENTRY IN THE COURT'S DOCKET

Pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to strike Yvonne Brown's petition for entry in the Court's docket. In the alternative, if this Court treats Ms. Brown's petition as a complaint, we respectfully request this Court to dismiss the petition for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), and failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

QUESTIONS PRESENTED

1. Whether Ms. Brown's petition should be stricken as an improper pleading.

2. In the alternative, if Ms. Brown's petition is treated as a complaint, whether this Court lacks subject matter jurisdiction to adjudicate her claims, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

3. In the alternative if Ms. Brown's petition is treated as a complaint, whether Ms. Brown has failed to state a claim upon which relief can be granted.

STATEMENT OF THE CASE

I. Nature Of The Case

This case concerns a belated and improper attempt by Ms. Brown to seek adjudication, in this Court, of claims first filed in the United States District Court for the District of Columbia. When Ms. Brown's claims were dismissed by the district court for lack of jurisdiction, she failed to seek relief in this Court until nearly two years had passed. Further compounding the delay, Ms. Brown failed properly to seek transfer of her case by filing a transfer motion in the district court. See, e.g., RCFC 3.1. She also failed to file a complaint in this Court setting forth her claims for relief and factual allegations in support of those claims. See RCFC 3. Rather, she has filed a "Petition for Entry In the Court's Docket." This improper pleading must be stricken. Even if it is treated as a complaint, however, it should be dismissed on multiple grounds, namely lack of subject matter jurisdiction and failure to state a claim for relief.

II. Statement Of Facts[1]

A. Ms. Brown's Prior Litigation Alleging Race Discrimination By USDA

In April 1998, Ms. Brown filed an Equal Employment Opportunity Commission ("EEOC") complaint against the United States Department of Agriculture ("USDA") alleging race discrimination. See Brown v. United States, 271 F. Supp. 2d 225, 227 (D.D.C. 2003) (hereinafter "Brown I"). Ms. Brown settled these claims with the USDA in a May 1998 settlement agreement. See id.

[1] For the sole purpose of this motion, we will treat the allegations in the petition as true. Because Ms. Brown's allegations concern the procedural history of prior litigation before the District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit, where appropriate, we have cited to the decisions of those courts. Attached as an appendix to this motion is the docket of the district court action.

In April 2000, Ms. Brown submitted a letter to the USDA alleging breach of the May 1998 settlement agreement. Id. The agency denied Ms. Brown's claim, and the agency's decision was affirmed on appeal by the EEOC. Id.

In 2002, Ms. Brown brought suit against the USDA in the United States District Court for the District of Columbia alleging race discrimination based upon the same conduct set forth in her April 1998 EEO complaint. Specifically, on February 12, 2003, Ms. Brown filed an amended complaint setting forth the following claims: race discrimination and retaliation in violation of Title VII (Count I), race discrimination under 42 U.S.C. § 1981 (Count II), and breach of the May 1998 settlement agreement (Count III) (as described in her April 2000 letter). Pet. at ¶ 1; Brown I, 271 F. Supp. 2d at 228.

B. Dismissal Of Ms. Brown's Suit Against The USDA In 2005

On July 9, 2003, the district court dismissed the case with prejudice as to all three counts. Count I was dismissed because the allegations set forth therein had been settled pursuant to the May 1998 settlement agreement. Brown I, 271 F. Supp. 2d at 228-29. Count II was dismissed because the statutory provision Ms. Brown relief upon, 42 U.S.C. § 1981, does not apply to governmental entities. Id. at 229. Finally, Count III was dismissed because Ms. Brown had failed to follow the procedures set forth in the May 1998 settlement agreement for enforcement of that agreement. Id. at 229-30. Ms. Brown then appealed to the United States Court of Appeals for the District of Columbia Circuit as to Counts I and III. Pet. at ¶ 3; Brown v. United States, 389 F.3d 1296, 1296-97 (D.C. Cir. 2004) (hereinafter "Brown II").

On December 3, 2004, the court of appeals ordered a remand to the district court to dismiss Counts I and III *without* prejudice, stating that Ms. Brown's complaint should have been filed in the Court of Federal Claims given that plaintiff's lawsuit constituted a suit against the

United States for damages in excess of $10,000. According to the decision of the court of appeals, the Court of Federal Claims had exclusive jurisdiction to decide claims for relief in excess of $10,000. Brown II, 389 F.3d at 1297-98.

On remand, on February 14, 2005, the district court dismissed Counts I and III of Ms. Brown's amended complaint, without prejudice, in accordance with the court of appeals decision in Brown II. Pet. Ex. B. One week later, on February 22, 2005, Ms. Brown filed a status motion in the district court seeking the status of the district court matter, and requesting a hearing. Pet. at ¶ 7. On March 14, 2005, the district court denied the motion because Ms. Brown's claims had already been dismissed. Pet. Ex. A.

C. Ms. Brown Takes No Action In Response To The Dismissal

Nearly *two years later*, in January 2007, Ms. Brown filed a second status motion in the district court, which was rejected by the clerk of the district court because Ms. Brown's case had been closed, pursuant to the 2005 dismissal. Pet. at ¶ 10.

Over two months after the status motion was rejected, according to Ms. Brown's petition, her counsel obtained a copy of the docket of the district court, and at that time determined that Ms. Brown's claims had been dismissed in 2005. Pet at ¶¶ 11-12. Ms. Brown claims that neither she nor her counsel received any notice of the 2005 dismissal, or any response to the 2005 status motion. Pet. at ¶¶ 8, 13. She alleges that the last correspondence she received was the February 2005 entry of appearance filed by counsel for the United States in the district court action. Pet. at ¶ 9.

D. <u>Ms. Brown Further Delays Resort To The Court Of Federal Claims</u>

On April 30, 2007, plaintiff's counsel submitted a Petition of Admission to the Court of Federal Claims bar. A representative of the clerk's office subsequently informed him that he was admitted on or around May 7, 2007. Pet. at ¶ 15, 17.

Plaintiff's counsel claims that "the delay in filing [this petition] was due to the inability of Undersigned Counsel to immediately find attorney's [sic] that he knew that could submit letters of recommendation on his behalf," pursuant to the Court's requirement that an applicant who does not appear in person submit "(B) two letters or signed statements of members of the bar of this court or of the Supreme Court of the United States." Pet. at ¶ 14; RCFC 83.1(b)(3).

In her petition, Ms. Brown sets forth no basis for jurisdiction, and no request for relief, but seeks to have this Court enter her district court case on the docket of this Court.

## <u>ARGUMENT</u>

I. <u>Applicable Legal Standard</u>

It is axiomatic that if this Court lacks subject matter jurisdiction over the claims in the complaint, the complaint must be dismissed. RCFC 12(b)(1). The plaintiff bears the burden of showing that the Court possesses jurisdiction over her claims. <u>McNutt v. General Motors Acceptance Corp. of Indiana</u>, 298 U.S. 178, 189 (1936); <u>Reynolds v. Army & Air Force Exch. Serv.</u>, 846 F.2d 746, 748 (Fed. Cir. 1988). Furthermore, the plaintiff must carry this burden by a preponderance of the evidence. <u>Reynolds</u>, 846 F.2d at 748. If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim. <u>Taylor v. United States</u>, 73 Fed. Cl. 532, 536 (2006).

In determining whether it possesses subject matter jurisdiction, this Court is to treat the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court may, however, take into account "evidentiary matters outside the pleadings" in making this determination. Indium Corp. Of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Thomas v. United States, 34 Fed. Cl. 619, 621 (1995). In particular, the Court can consider matters of public record. Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. Cir. 1999). In addition, where a plaintiff has attached materials to her complaint, these materials may be considered as part of the complaint on a motion to dismiss. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334 1342 n. 6 (Fed. Cir. 2006).

The jurisdiction of this Court is limited; this Court possesses jurisdiction only over claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court:

> This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because the Tucker Act is merely a jurisdictional statute, however, it creates no substantive right to relief in suits against the United States. Accordingly, a plaintiff in this Court must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles her to relief. Holley v.

United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995). If the source as alleged and pled is not money-mandating, the court shall dismiss the cause for lack of jurisdiction. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

In any event, claims for money under the Tucker Act must be brought within six years after the date the claim accrues, and this is a jurisdictional requirement. 28 U.S.C. § 2501; Soriano v. United States, 352 U.S. 270, 273 (1957); MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006).

In addition, to state a claim for relief in any court, a plaintiff must set forth factual allegations in support of her claim, rather than merely setting forth labels and conclusions, or merely reciting the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-69 (May 21, 2007) (limiting the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief"). As the Supreme Court recently held, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., 127 S.Ct. at 1965.

The petition filed by Ms. Brown is an insufficient form of pleading as well as an improper and untimely attempt to transfer her case. Even if the Court decides to treat the petition as a complaint, the petition is defective because it does not establish that this Court possesses jurisdiction or identify a contract or money-mandating provision entitling her to relief. Further, this Court lacks jurisdiction because the statute of limitations has run on her claim of breach of the May 1998 settlement agreement. Finally, even if this Court treats this petition as a

complaint over which it possesses jurisdiction, the petition fails to state a claim or allege any facts in support of the position that Ms. Brown is entitled to relief.

## II. This Court Lacks Jurisdiction Over The Petition

### A. The Petition Is Not A Proper Complaint

Ms. Brown fails to raise claims in an appropriate pleading. In general, to apply to the Court for any matter, the party must make a motion in writing, unless "made during a hearing or trial," which "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." RCFC 7(b). Further, RCFC 8(a) requires:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

In G & H Technology, Inc. v. United States, 8 Cl. Ct. 572 (1985), the Claims Court ordered stricken pursuant to RCFC 12(f) a third-party defendant's allegations that were not pled with sufficient particularity. See also Choctaw Nation of Oklahoma v. United States, 25 Cl. Ct. 363 (1992); Cherokee Nation of Oklahoma v. United States, 24 Cl. Ct. 695 (1992). Similarly, here, the petition fails to specify any jurisdictional or money-mandating provision, and fails to state a claim or set forth any facts that would provide a substantive basis for relief. In short, Ms. Brown seeks to have her case entered on the docket without even stating that this Court has subject matter jurisdiction or that she has claims for which relief can be granted.

### B. The Court Lacks Jurisdiction Over Ms. Brown's Belated Attempt To Transfer Her Action From The District Court

Ms. Brown's attempt to transfer a case from the district court cannot be heard in this Court. If a party wishes to transfer a case from another court to this Court, it must file a motion

to transfer pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1406 in the other court. In addition, it must comply with RCFC 3.1(a), which states:

> (1) When the transfer of a case from another court to this court is permitted by law, including compliance with 28 U.S.C. § 1292(d)(4)(B), the case shall be filed in this court upon the receipt by the clerk of a certified copy of the record made in the other court, including the order of that court granting the transfer . . . .
>
> (2) Eight copies of the complaint filed in the other court, containing the necessary changes in the caption and duplicated in conformity with RCFC 5.3, shall be filed with the clerk within 28 days after the filing required in subdivision (a)(1). In lieu thereof and within the same time period, an original and 7 copies of an amended complaint may be filed in conformity with the rules of this court setting forth the claim or claims transferred . . . .

If Ms. Brown wished to pursue her case in this Court, she should have filed a motion to transfer before the district court. She never did so. As is to be expected, because she never moved to transfer the case, the district court never ordered transfer of the case, and a certified copy of the record was never received by the clerk of this Court. Now that the case has been closed for more than two years in the district court, Ms. Brown seeks to revive it in this forum, neither filing a transfer motion nor filing a new complaint setting forth the factual allegations which would entitle her to relief. This is not permitted.

### C. Even If Treated As A Complaint, The Petition Fails Because It Does Not Point To Any Jurisdictional Or Money-Mandating Provision Entitling Ms. Brown To Relief

Should this Court treat Ms. Brown's petition as a new complaint, it would fail for a number of reasons. Nowhere in the petition or the attachments does plaintiff cite the Tucker Act or any other statute that would inform this Court as to whether it can entertain subject matter jurisdiction over the case or whether plaintiff's claims fall within the scope of such jurisdiction. In fact, the petition does not state any basis for jurisdiction. It merely makes reference to the D.C. Circuit opinion stating that the breach of contract claim should have been brought in this

Court because it involved damages against the United States of more than $10,000. Pet. at ¶ 4. Similarly, the materials attached in exhibits A and B merely show that the district court dismissed the case without prejudice pursuant to the D.C. Circuit ruling, and do not identify any jurisdictional or money-mandating provision.

We acknowledge that the district court dismissed Ms. Brown's complaint in accordance with the decision of the court of appeals regarding the proper forum for her case. Nevertheless, we note that the district court did not have the power to determine whether this Court actually possesses jurisdiction to adjudicate plaintiff's claims. See Schnelle v. United States, 69 Fed. Cl. 463, 467 (2006) (citing Hoch v. United States, 31 Fed. Cl. 111, 113 n. 1 (1994), for the proposition that "[t]he transferor court lacks jurisdiction to rule on the power of the Court of Federal Claims to adjudicate plaintiff's case"). This Court must determine for itself whether it has jurisdiction, regardless of the district court's ruling. Even supposing that the district court transferred this case pursuant to 28 U.S.C. § 1631, and applying the "law of the case" doctrine, see Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816-819 (1988) ("transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation"), this Court "cannot disregard the obligation to examine its own jurisdiction" and "must determine, as a threshold matter, whether the district court's jurisdictional determination was implausible or clearly erroneous." Taylor, 73 Fed. Cl. at 538. See also View Engineering, Inc. v. Robotic Vision Systems, Inc., 115 F.3d 962, 963 (Fed. Cir. 1997); Rodriguez v. United States, 862 F.2d 1558, 1560 (Fed. Cir. 1988) (holding that a district court's transfer decision was clearly erroneous).

In order to invoke this Court's jurisdiction, a plaintiff must allege a substantive right to relief of the type that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained," Griswold v. United States, 61 Fed. Cl. 458, 466 (2004) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). Ms. Brown has failed to do so, and her petition, if treated as a complaint, must be dismissed.

D. Even if This Court Treats Ms. Brown's Petition As A Complaint, The Court Must Dismiss the Petition Because The Statute Of Limitations Has Run

Even if Ms. Brown's petition is treated as a complaint, it clearly concerns an alleged breach of the May 1998 settlement agreement which allegedly occurred prior to April 2000; the statute of limitations has run on such a claim. As discussed above, the United States waives its sovereign immunity under the Tucker Act only for claims that accrued within six years of the filing of a complaint. 28 U.S.C. § 2501; see Taylor, 73 Fed. Cl. at 538. A claim against the United States accrues when "all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997). Based upon her April 2000 letter to the USDA alleging breach of the May 1998 settlement agreement, the "events" that Ms. Brown believes constituted a breach of the agreement occurred prior to that time. See Brown I, 271 F. Supp. 2d at 227. Accordingly, because Ms. Brown's alleged breach claim allegedly accrued well over six years ago, this Court lacks jurisdiction over this petition, even if treats the pleading as a complaint.

## III. Even If Treated As A Complaint, Ms. Brown's Petition Must Be Dismissed Because It Fails To State A Claim For Relief

Even if this Court treats Ms. Brown's petition as a complaint, the petition fails because it fails to present any claims or allege any facts in support of any claims. Although Ms. Brown's complaint before the district court alleged race discrimination and breach of contract, her petition does not make these claims, and in fact, sets forth no facts which would even support a race discrimination or breach of contract claim.[2] This omission is fatal to her pleading under the standard set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-69. See, e.g., Taylor, 73 Fed. Cl. at 546 (plaintiff failed to state a claim where plaintiff did not allege that the Government breached a contract); Westover v. United States, 71 Fed. Cl. 635, 640 (2006) (plaintiff failed to state a claim where plaintiff did not allege that breach of the neutral references clause was the but-for cause of the loss of his prior employment and associated pay).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court strike Ms. Brown's pleading. If the Court determines to treat the petition as a complaint, we respectfully request the

[2] Assuming the other pleading defects can be resolved, it is unclear whether this Court possesses jurisdiction over the breach claim. Generally, this Court has consistently ruled that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions. See, e.g., Griswold (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included equitable orders of instatement, future notice of civil service exams, access to civil service exams, and other appropriate equitable relief). In cases where a plaintiff seeks wholly contractual, pure monetary relief, however, this Court arguably may possess jurisdiction over a Title VII settlement agreement. See, e.g., Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999) ("An agreement to pay an Military Claims Act claim presumptively satisfies the Tucker Act because 'any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government.'"); Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005) (applying the Massie court's reasoning to Title VII settlement agreements).

Court to dismiss the petition for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), or failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr. by Kathryn A. Bleecker
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
STEVEN C. BRAMMER
Office of the General Counsel
Civil Rights Litigation Division
United States Department of Agriculture
1400 Independence Avenue, S.W.
South Building, Room 3312-S
Washington, DC 20250
Tel: (202) 720-4375
Fax: (202) 720-4089

August 20, 2007

CERTIFICATE OF FILING

I hereby certify that on this 20th day of August, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE PETITION FOR ENTRY IN THE COURT'S DOCKET" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah

**APPENDIX**

JURY, TYPE-H

**U.S. District Court**
**District of Columbia (Washington, DC)**
**CIVIL DOCKET FOR CASE #: 1:02-cv-00300-RMC**

BROWN v. USA et al
Assigned to: Judge Rosemary M. Collyer
Case in other court: USCA, 03-05245
Cause: 28:1343 Violation of Civil Rights

Date Filed: 02/15/2002
Date Terminated: 07/09/2003
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**YVONNE BROWN** represented by **Reuben B. Collins, II**
COLLINS & TALLEY, LLC
P.O. Box 1857
Suite A-2
La Plata, MD 20646
(301) 934-4366
Email: rburtonc@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA** represented by **Alan Burch**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-7204
Fax: (202) 514-8780
Email: alan.burch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian J. Sonfield**
EXPORT - IMPORT BANK OF THE UNITED STATES
Office of the General Counsel
811 Vermont Ave., NW
Washington, DC 20571
(202) 565-3439
Fax: (202) 565-3586
Email: brian.sonfield@exim.gov
*TERMINATED: 02/23/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN ASHCROFT** represented by **Alan Burch**

| | | |
|---|---|---|
| *Attorney General of the United States* | | (See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Brian J. Sonfield**<br>(See above for address)<br>*TERMINATED: 02/23/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **ANN VENEMAN**<br>*Secretary of Agriculture* | represented by | **Alan Burch**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Brian J. Sonfield**<br>(See above for address)<br>*TERMINATED: 02/23/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2002 | 1 | COMPLAINT *for damages and equitable relief* against JOHN ASHCROFT, USA, ANN VENEMAN ( Filing fee $150 ). Filed by YVONNE BROWN. (cdw, ) (Entered: 02/21/2002) |
| 02/15/2002 | | SUMMONS Not Issued as to JOHN ASHCROFT ; USA ; ANN VENEMAN (cdw, ) (Entered: 02/21/2002) |
| 02/21/2002 | 2 | PRELIMINARY ELECTRONIC CASE FILING ORDER . Signed by Judge Henry H. Kennedy, Jr. on February 21, 2002. (FL, ) (Entered: 02/21/2002) |
| 02/28/2002 | 3 | "Duplicate entry" PRELIMINARY ELECTRONIC CASE FILING ORDER . Signed by Judge Henry H. Kennedy, Jr. on February 28, 2002. (FL, ) Modified on 2/28/2002 (FL, ). (Entered: 02/28/2002) |
| 02/28/2002 | 4 | "Entered In Error" SCHEDULING ORDER: Initial Conference set for 3/22/2002 09:30 AM.. Signed by Judge Henry H. Kennedy, Jr. on February 28, 2002. (FL, ) Modified on 2/28/2002 (FL, ). (Entered: 02/28/2002) |
| 03/04/2002 | | SUMMONS (3) Issued as to JOHN ASHCROFT ; ANN VENEMAN , U.S. Attorney (cdw, ) (Entered: 03/04/2002) |
| 03/22/2002 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. US Attorney served on 3/13/2002, answer due 5/13/2002 (cdw, ) (Entered: 03/29/2002) |
| 03/22/2002 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. US Attorney General served on 3/13/2002 (cdw, ) (Entered: 03/29/2002) |
| 03/22/2002 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANN VENEMAN served on 3/13/2002, answer due 5/13/2002 (cdw, ) (Entered: 03/29/2002) |

| | | |
|---|---|---|
| 05/08/2002 | 8 | ATTORNEY APPEARANCE. (Sonfield, Brian) (Entered: 05/08/2002) |
| 05/08/2002 | 9 | Unopposed MOTION for Extension of Time to File Answer re 1 by JOHN ASHCROFT, USA, ANN VENEMAN. (Sonfield, Brian) (Entered: 05/08/2002) |
| 05/09/2002 | | ORDER granting Motion for Extension of Time to Answer 9 Signed by Judge Henry H. Kennedy, Jr. on May 9, 2002.(Kennedy, Henry) (Entered: 05/09/2002) |
| 06/11/2002 | 10 | Unopposed MOTION for Extension of Time to File Answer re 1 by JOHN ASHCROFT, USA, ANN VENEMAN. (Sonfield, Brian) (Entered: 06/11/2002) |
| 06/11/2002 | | ORDER granting Motion for Extension of Time to Answer re 10 (Kennedy, Henry) (Entered: 06/11/2002) |
| 07/03/2002 | 11 | Joint MOTION for Extension of Time to File Answer re 1 by JOHN ASHCROFT, USA, ANN VENEMAN. (Sonfield, Brian) (Entered: 07/03/2002) |
| 07/04/2002 | | ORDER granting Motion for Extension of Time to Answer 11 Signed by Judge Henry H. Kennedy, Jr. on July 4, 2002.(Kennedy, Henry) (Entered: 07/04/2002) |
| 08/19/2002 | 12 | MOTION to Dismiss by JOHN ASHCROFT, USA, ANN VENEMAN. (Attachments: # 1 Exhibit 1 -- Formal Administrative Complaint# 2 Exhibit 2 -- EEO Counselor's Report# 3 Exhibit 3 -- Settlement Agreement# 4 Exhibit 4 -- Transcript of Settlement Hearing# 5 Exhibit 5 -- Final Agency Decision# 6 Exhibit 6 -- EEOC Decision)(Sonfield, Brian) (Entered: 08/19/2002) |
| 08/26/2002 | 13 | Consent MOTION for Extension of Time to File *by 9/30/02 plaintiff's response to defendants' motion to dismiss and defendants' reply to the plaintiff's opposition by 10/18/02* by YVONNE BROWN. (jeb, ) (Entered: 08/26/2002) |
| 09/11/2002 | | ORDER granting Consent MOTION for Extension of Time to File by 9/30/02 plaintiff's response to defendants' motion to dismiss and defendants'reply to the plaintiff's opposition by 10/18/02 13 Signed by Judge Henry H. Kennedy, Jr. on September 11, 2002.Kennedy, Henry) (Entered: 09/11/2002) |
| 10/02/2002 | 14 | Consent MOTION for Extension of Time to File Response/Reply by YVONNE BROWN. (Collins, Reuben) (Entered: 10/02/2002) |
| 10/02/2002 | 15 | REPLY to opposition to motion re 14 *Motion To Dismiss* filed by YVONNE BROWN. (Collins, Reuben) (Entered: 10/02/2002) |
| 10/02/2002 | 16 | REPLY to opposition to motion re 14 *motion to dismiss* filed by YVONNE BROWN. (Collins, Reuben) (Entered: 10/02/2002) |
| 10/04/2002 | | ORDER granting Motion for Extension of Time to File Response/Reply re 13, 9, 14, 10, 11 Signed by Judge Henry H. Kennedy, Jr. on October 4,2002.(Kennedy, Henry) (Entered: 10/04/2002) |
| 10/16/2002 | 17 | REPLY in support of motion re 12 dismissal filed by JOHN ASHCROFT, USA, ANN VENEMAN. (Sonfield, Brian) Modified on 10/17/2002 (cdw, ). (Entered: 10/16/2002) |
| 12/19/2002 | | Case Reassigned to Judge Rosemary M. Collyer. Judge Henry H. Kennedy no longer assigned to the case. (nmr, ) (Entered: 12/20/2002) |
| 01/23/2003 | 18 | ORDER denying 12 Motion to Dismiss and instructing Plaintiff to file Amended Complaint, if any, by 2/12/03. Signed by Judge Rosemary M. Collyer on 1/23/03. (dsj) (Entered: 01/23/2003) |

| | | |
|---|---|---|
| 02/14/2003 | 19 | MOTION for Leave to File an amended complaint by YVONNE BROWN. (Attachments: # 1 Exhibit (Amended Complaint))(jeb, ) Modified on 2/14/2003 (jeb, ). (Entered: 02/14/2003) |
| 02/14/2003 | 20 | MOTION for Leave to File first second amended complaint by YVONNE BROWN. (jeb, ) Modified on 2/14/2003 (jeb, ). (Entered: 02/14/2003) |
| 02/19/2003 | | MINUTE ENTRY ORDER granting 19 Motion to Enlarge Time to File Amended Complaint, granting 20 Motion for Leave to File Amended Complaint. Signed by Judge Rosemary M. Collyer on 2/19/03. (dsj) (Entered: 02/19/2003) |
| 02/19/2003 | 21 | FIRST AMENDED COMPLAINT against JOHN ASHCROFT, USA, ANN VENEMAN , filed by YVONNE BROWN.(rje, ) (Entered: 02/20/2003) |
| 03/07/2003 | 22 | MOTION to Dismiss *Plaintiff's Amended Complaint* by USA, ANN VENEMAN. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6)(Sonfield, Brian) (Entered: 03/07/2003) |
| 03/24/2003 | 23 | First MOTION for Extension of Time to *file extension to Defendant's motion to dismiss* by YVONNE BROWN. (Collins, Reuben) (Entered: 03/24/2003) |
| 03/24/2003 | | MINUTE ENTRY ORDER granting 23 Consent Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. Plaintiff's Response is due on April 14, 2003. Signed by Judge Rosemary M. Collyer on 3/24/03. (dsj) (Entered: 03/24/2003) |
| 04/14/2003 | 24 | Memorandum in opposition to motion re 22 *to dismiss amended complaint* filed by YVONNE BROWN. (Collins, Reuben) (Entered: 04/14/2003) |
| 04/14/2003 | 25 | REPLY to opposition to motion re 22 *response to motion to dismiss amended complaint* filed by YVONNE BROWN. (Collins, Reuben) (Entered: 04/14/2003) |
| 04/22/2003 | 26 | REPLY in support of motion re 22 filed by JOHN ASHCROFT, USA, ANN VENEMAN. (Attachments: # 1)(Sonfield, Brian) (Entered: 04/22/2003) |
| 07/09/2003 | 27 | MEMORANDUM OPINION. Signed by Judge Rosemary M. Collyer on 7/9/03. (dsj) (Entered: 07/09/2003) |
| 07/09/2003 | 28 | ORDER granting 22 Motion to Dismiss. Signed by Judge Rosemary M. Collyer on 7/9/03. (dsj) (Entered: 07/09/2003) |
| 09/05/2003 | 29 | NOTICE OF APPEAL as to 28 Order on Motion to Dismiss by YVONNE BROWN. Filing fee $ 105. (rje, ) (Entered: 09/08/2003) |
| 09/08/2003 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 29 Notice of Appeal (rje, ) (Entered: 09/08/2003) |
| 09/12/2003 | | USCA Case Number 03-5245 for 29 Notice of Appeal filed by YVONNE BROWN. (rje, ) (Entered: 09/15/2003) |
| 02/11/2005 | 30 | USCA JUDGMENT (certified copy) as to 29 Notice of Appeal filed by YVONNE BROWN; It is hereby ordered and adjudged that the judgment of the District Court appealed from in this cause is hereby remanded for further proceedings; USCA#03-5245 (jsc) (Entered: 02/14/2005) |
| 02/14/2005 | 31 | ORDER. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 2/14/05. (dyc) (Entered: 02/14/2005) |

| | | |
|---|---|---|
| 02/22/2005 | 32 | MOTION for Hearing *status* by YVONNE BROWN. (Collins, Reuben) (Entered: 02/22/2005) |
| 02/23/2005 | 33 | NOTICE of Appearance by Alan Burch on behalf of USA, JOHN ASHCROFT, ANN VENEMAN (Burch, Alan) (Entered: 02/23/2005) |
| 03/14/2005 | | MINUTE ENTRY ORDER denying 32 Plaintiff's Motion for Hearing. The D.C. Circuit has ruled that jurisdiction in this matter lies exclusively in the Court of Federal Claims. Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004). Plaintiff's claims in Counts 1 and 3 have been dismissed without prejudice 31. Signed by Judge Rosemary M. Collyer on 3/14/05. (dyc) (Entered: 03/14/2005) |
| 01/02/2007 | 34 | ENTERED IN ERROR.....STATUS REPORT by YVONNE BROWN. (Collins, Reuben) Modified on 1/3/2007 (tg, ). (Entered: 01/02/2007) |
| 01/03/2007 | | NOTICE OF CORRECTED DOCKET ENTRY: re 34 Status Report was entered in error. Counsel loaded the wrong document or used the wrong ECF event to file a Motion for Hearing. Counsel was instructed to refile said pleading. (tg, ) (Entered: 01/03/2007) |