**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **YVONNE BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 07-400C** |
| **v.** | : | **Judge Wolski** |
| | : | |
| **THE UNITED STATES,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDAN'T MOTION TO STRIKE PETITION FOR ENTRY IN THE COURT'S DOCKET**

Reuben B. Collins
COLLINS & TALLEY, LLC
201 Centennial Street, A-2
P.O. Box 1857
La Plata, Maryland 20646
(301) 396-3966

September 17, 2007

Attorney for Yvonne Brown

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………..i.

TABLE OF AUTHORITIES…………………………………………………………ii

ARGUMENT………………………………………………………………………….1

CONCLUSION………………………………………………………………………..8

## TABLE OF AUTHORITIES

### CASES

Brown v. U.S.,
389 F.3d 1296 (D.C. Cir 2004)………………………………………………..

Hathaway v. Stone,
687 F. Supp. 708, 710 (D. Mass1988)……………………………………………

Kadar Corp. v. Milbury,
549 F.2d 230, 233 (1st Cir. 1977)…………………………………………………

Page Construction Co., v. U.S.,
26 Cl. Ct. 198 (1992)……………………………………………………………..

Scheuer v.Rhodes,
416 U.S. 232 (1974) ………………………………………………………………

U.S. v. Hopkins,
427 U.S. 123 (1976)……………………………………………………………….

### STATUTES AND REGULATIONS

28 U.S.C. § 1491 (a)(1) ……………………………………………………………………

RCFC 12f……………………………………………………………………………………..

RCFC 12b(1)………………………………………………………………………………….

RCFC 12b(6)………………………………………………………………………………….

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YVONNE BROWN<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | Civil Action No.: 07-400C<br>(Judge Wolski) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PETITION FOR ENTRY IN THE COURTS DOCKET**

Plaintiff, Yvonne Brown, respectfully requests this Court to deny Defendant's Motion to Strike Petition For Entry in the Court's Docket. Pursuant to RCFC 12(f). In addition, the Plaintiff respectfully requests this Court to deny Defendant's 12(b)1 and 12(b)6 motions to dismiss.

**ARGUMENT**

I. Plaintiff's Petition is not a Pleading

Pending before this Court is Plaintiff's Petition for Entry in the Court's Docket. This Petition made filed with this Court in an effort to preserve Plaintiff's claim, which was originally filed with the District Court in 2002. Subsequent to the court of appeals order, which remanded the Plaintiff's case back to the district court, Plaintiff's counsel did not receive notice of the district court's dismissal of counts I and III nor did counsel receive a response to a status motion filed in March 2005.

In accordance with the district court recommendation that the Plaintiff's case should have been heard in Federal Claims Court, counsel attempted to preserve Plaintiff's claim by filing a Petition for Entry in the Court's Docket. This Petition was not filed with this court as a commencement of a civil action as required by Rule 3 nor was this Petition to be considered a complaint under 12b(6), where no claim was stated and where relief could be granted. The Plaintiff submitted this Petition solely to beseech this Court to enter this case as part of its docket and to allow Plaintiff the opportunity to pursuit her claim with this court.

I. Subject matter jurisdiction.

The Tucker Act, provides that the Court of Federal Claims has jurisdiction over claims against the United States that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2000). In addition, any claim against the United States filed in the Court of Federal Claims must be "filed within six years after such claim first accrues." *Id.* § 2501.

The Court in U.S. v. Hopkins, 427 U.S. 123 (1976) held that, [s]ince the statute applies, by its terms, to "any express or implied contract" we hold that it is applicable to employment contracts as well as those for goods or other services.

Where this Court in its discretion, permits the Plaintiff to pursue her claim, subject matter jurisdiction would be proper. Given the opportunity to file her claim with this Court, relief could be granted based upon an expressed Settlement Agreement made with the Department of Agriculture. "Contracts made by governmental agencies traditionally have been within the general Tucker Act jurisdiction of the Court of Claims. . ." Page Construction Co., v. United States, 26 Cl. Ct. 198 (1992). Plaintiff entered into a contract with Department of Agriculture where the terms of this "Settlement Agreement" were unfulfilled.

In addition, the district court order specifically ruled that "jurisdiction in this matter lies exclusively in the Court of Federal Claims." Brown v. United States, 389 F.3d 1296 (D.C. Cir 2004). The district court ultimately believed the Federal Claims Court had proper subject matter jurisdiction of Plaintiff's claim when stating the proper venue an in accordance with RCFC Rule3.1. Where Plaintiff's counsel would have received proper notice of the districts court's transfer/referral, timely filing of a complaint in this Court would have followed.

II. Failure to state a claim

On a motion to dismiss pursuant to Rule 12(b)(6), "the Court must view the facts presented in the pleadings and all reasonable inferences to be drawn there from in the light most favorable to the non-moving party." Hathaway v. Stone, 687 F.Supp. 708, 710 (D.Mass.1988). A court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir.1977); see Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (on motion to dismiss, issue is not whether plaintiff will prevail, but whether, construing complaint liberally, plaintiff should be entitled to offer evidence in support of his claims). While the complaint need only set forth "a generalized statement of facts," the plaintiffs must provide enough information "to outline the elements of the pleaders' claim." Kadar Corp., 549 F.2d at 233.

The Petition filed by Ms. Brown did not purport to be a pleading. Plaintiff's counsel filed the Petition in order to preserve Ms. Brown's claim and to request that the case be entered in the Court's docket. Where this Court, in its discretion, allows Ms. Brown the opportunity to present her claim with this Court, Plaintiff can state a claim for which this court can grant relief.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court dismiss the Defendant's Motion to Strike Plaintiff's Petition for Entry in the Court's Docket. We respectfully request the Court to dismiss Defendant's Motion for lack of subject matter jurisdiction pursuant to RCFC 12b(1) and/or failure to state a claim for which relief can be granted, pursuant to RCFC 12b(6). We respectfully request that the Court grant Plaintiff's Petition for Entry in the Court's Docket.

Respectfully submitted,

/s/_____________________________

Reuben B. Collins II, #459751
COLLINS & TALLEY, LLC
201 Centennial Street, Suite A-2
P.O. Box 1857
La Plata, MD 2064
(301) 934-4366

September 17, 2007

Attorney for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that on this 17th day of September, 2007, a copy of the foregoing Plaintiff's Response to Defendant's Motion to Strike Petition for Entry in the Court's Docket was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

_____________/s/____________________
Reuben B. Collins, II, Esquire