IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-400C<br>(Judge Wolski) |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO STRIKE PETITION FOR ENTRY IN THE COURT'S DOCKET

Defendant, the United States, respectfully renews its request to strike Yvonne Brown's petition for entry in the Court's docket. Ms. Brown has conceded that her petition should not be treated as a complaint, thereby resolving our motion to dismiss the petition for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), and failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

QUESTIONS PRESENTED

1. Whether Ms. Brown's petition should be stricken as an improper pleading.

2. In the alternative, if Ms. Brown's petition is treated as a complaint, whether this Court lacks subject matter jurisdiction to adjudicate her claims, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

3. In the alternative, if Ms. Brown's petition is treated as a complaint, whether Ms. Brown has failed to state a claim upon which relief can be granted.

INTRODUCTION

Our statement of facts is set forth in full in our motion to strike.[1] Yvonne Brown has filed an improper "petition for entry in the court's docket" as a means of transferring her district court litigation to this Court. This petition is improper because governing law and procedural rules dictate that a motion to transfer must be filed in the transferor court in order to transfer a case. Further, this petition is untimely, as Ms. Brown's district court case has been closed. This Court should not permit Ms. Brown to evade the procedural requirements of this Court in this manner.

In our motion to strike, we argued in the alternative that if Ms. Brown's petition were treated as a complaint, it should be dismissed for lack of subject matter jurisdiction and failure to state a claim for relief. In her opposition to our motion, Ms. Brown concedes that her petition is not a pleading, nor should it be treated as such. Accordingly, it appears that the Court need not reach the Government's alternative arguments regarding subject matter jurisdiction and failure to state a claim for relief. In the event that the Court decides to reach these issues, the United States rests on its arguments as set forth in its motion to strike.

ARGUMENT

I. Ms. Brown Has Failed To File A Proper Motion To Transfer

Governing law does not contemplate a petition of the sort filed by Ms. Brown, and the petition should be stricken. Because the district court found that it lacked jurisdiction to entertain Ms. Brown's claim, 28 U.S.C. §1631, 28 U.S.C. §1292(b)(4)(A) and Rule 3.1 of the Rules of the Court of Federal Claims ("RCFC") govern a transfer of her claims to this Court.

[1] For the sole purpose of this motion, we will treat the allegations in the petition as true.

These provisions and this rule establish the procedure for transferring a case from a district court to this Court. That procedure requires that a motion to transfer be filed with the district court which found that it lacked jurisdiction. 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

This provision clearly states that the district court where the action has been filed has the power to transfer that case. This provision does not grant the transfer power to the court where the case is sought to be transferred. Similarly, 28 U.S.C. § 1292(b)(4)(A) states:

> When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out.

This provision explicitly concerns motions to transfer filed in a district court, and does not contemplate "petitions for entry on the court's docket" filed in this Court. Ms. Brown has not filed a motion to transfer in the district court, and she has cited no statutory provision or rule which permits this Court to grant her "petition for entry on the court's docket." In fact, she appears to concede that there is no statutory support for this motion. She states that she filed her petition "solely to beseech this Court to enter this case as part of its docket and to allow Plaintiff the opportunity to pursuit [sp] her claim with this court" Pl. Opp. 5, and asks the Court to grant

her request "in its discretion." Pl. Opp. 6. She has pointed to no authority even suggesting that this Court has discretion to grant her request. Accordingly, her request must be denied.

II. This Court Should Not Excuse Ms. Brown's Errors

Ms. Brown alleges that her counsel did not receive notice of the district court's dismissal of counts I and III of her complaint. Pl. Opp. 4. She also alleges that her counsel did not receive a response to a status motion filed in March 2005. Pl. Opp. 5. Ms. Brown does not deny, however, that her counsel did receive notice of the court of appeals decision remanding her case to the district court. See Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004) (Dec. 4, 2004) (stating that jurisdiction over two of Ms. Brown's claims lays in the Court of Federal Claims, and remanding to the district court to dismiss these claims without prejudice). Accordingly, Ms. Brown could have, and should have, filed her transfer motion in the district court upon remand. The fact that her counsel allegedly did not receive notice that her claims had been dismissed by the district court is irrelevant. By the time the district court dismissed her case, Ms. Brown had already improperly delayed filing her motion to transfer, apparently without cause. This Court is an inappropriate forum for Ms. Brown to repair this grave error, and this Court should deny her petition.

III. This Court Has An Obligation To Examine Its Own Jurisdiction

In her opposition, Ms. Brown concedes that her petition is not a proper complaint. Accordingly, it appears that this Court need not reach the alternative issues raised by the Government, namely that this Court lacks jurisdiction to entertain her petition as a complaint and that her petition fails to state a claim for relief.

As stated in our motion to strike, it is not clear that this Court would have jurisdiction over Ms. Brown's claims even if properly transferred to this Court. See Def. Mot. 12 n. 2. Nevertheless, Ms. Brown suggests that the district court's determination that this Court possesses jurisdiction over her claims is dispositive of the issue. Pl. Opp. 6. It is not. This Court has an obligation to examine its own jurisdiction, and where jurisdiction is found lacking, must dismiss the case. Taylor v. United States, 73 Fed. Cl. 532, 536, 538 (2006). This is so even when a case has been transferred to this Court for want of jurisdiction. See Gonzales & Gonzales Bonds and Ins. Agency, Inc. v. Dept. of Homeland Sec., 490 F.3d 940, 944 (Fed. Cir. 2007) (ordering that transferred case be dismissed because transferee court lacked jurisdiction); Taylor, 73 Fed. Cl. at 538 (dismissing transferred claims for lack of jurisdiction pursuant to Court's obligation to examine its own jurisdiction). Should this Court permit the transfer of Ms. Brown's claims, the Government respectfully requests the opportunity to submit a motion to dismiss these claims on any ground, including for lack of subject matter jurisdiction under RCFC 12(b)(b)(1).

CONCLUSION

For the foregoing reasons, we respectfully request that the Court strike Ms. Brown's petition for entry on the court's docket. pleading.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
STEVEN C. BRAMMER
Office of the General Counsel
Civil Rights Litigation Division
United States Department of Agriculture
1400 Independence Avenue, S.W.
South Building, Room 3312-S
Washington, DC 20250
Tel: (202) 720-4375
Fax: (202) 720-4089

September 29, 2007

CERTIFICATE OF FILING

I hereby certify that on this 29th day of September, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PETITION FOR ENTRY IN THE COURT'S DOCKET" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah